UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>                              Plaintiff(s),<br><br>        v.<br><br>LAKE LAS VEGAS SOUTHSHORE RESIDENTIAL COMMUNITY ASSOCIATION,<br><br>                              Defendant(s). | Case No. 2:13-CV-1819 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant Arizona Labor Force, Incorporated's ("ALFI") motion to dismiss. (ECF No. 88). Plaintiff Bank of America, N.A. ("BANA") has not filed a response, and the period to do so has since passed.

On February 4, 2015, ALFI filed a disclaimer of interest as to the property at issue—specifically, 34 Grand Corniche Drive, Henderson, NV (the "property")—as well as a release of its *lis pendens* related to the property. (ECF No. 37).

On August 28, 2015, BANA filed an amended complaint seeking to quiet title/declaratory relief against ALFI. (ECF No. 39). The amended complaint sets forth exactly one allegation against ALFI: "Plaintiff is informed and believes and thereon alleges that Defendant Arizona Labor Force, Incorporated ('Arizona Labor Force') is an Arizona Corporation doing business in Clark County, Nevada and claims or may claim an interest in the Property." (ECF No. 39 at 4, ¶14).[1]

---

[1] Further, to date, no proper proof of service for the amended complaint (ECF No. 37) has been filed as to ALFI.

**James C. Mahan**
**U.S. District Judge**

In the instant motion, ALFI moves to dismiss the claims alleged against it in BANA's amended complaint for failure to state a claim upon which relief may be granted. (ECF No. 88). Responses were due by February 2, 2017, and BANA has not filed a response or a request for an extension.

Pursuant to Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." LR 7-2(d). Thus, by failing to file a timely response, BANA has consented to the granting of ALFI's motion to dismiss. *See United States v. Hvass*, 355 U.S. 570, 574–75 (1958) (holding that local rules have the force of law).

Nevertheless, before dismissing an action for failure to comply with a local rule, the court considers several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

After weighing these factors and reviewing the underlying filings, the court finds dismissal appropriate and will grant ALFI's motion to dismiss. Notwithstanding BANA's consent by nonopposition, dismissal of BANA's claims against ALFI is also appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6) as the amended complaint's sole allegation relating to ALFI falls short of sufficiently stating a claim.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that ALFI's motion to dismiss (ECF No. 88) be, and the same hereby is, GRANTED.

DATED February 9, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**