UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| POSHBABY LLC, | Case No. 2:13-CV-1819 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| LAKE LAS VEGAS SOUTHSHORE RESIDENTIAL COMMUNITY ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Poshbaby LLC v. Arizona Labor Force, Incorporated et al.*, case number 2:13-cv-01819-JCM-GWF.

**I.  Background**

On December 21, 2016, the court ordered the parties to file a stipulated discovery plan and scheduling order no later than January 12, 2017. (ECF No. 84). Prior to that order, the last entry on the docket was a notice of address change entered July 15, 2016. (ECF No. 83).[1]

Also prior to these entries, on January 14, 2016, the court entered a notice of intent to dismiss pursuant to Federal Rule of Civil Procedure 4(m), stating that plaintiff Bank of America, N.A. ("BANA") had not filed proper proof of service of the amended complaint as to defendants E&F Cannon, Inc., P-C Plumbing, Inc., and Talon Electric, LLC and setting the 4(m) dismissal deadline for February 13, 2016. (ECF No. 73). To date, no proof of service has been filed as to these defendants. On January 6, 2017, BANA filed a notice of voluntary dismissal with prejudice of its claims against Ma'An Nasir and Robert Avery. (ECF No. 85).

---

[1] Between January 28, 2016 (ECF No. 79), and June 9, 2016 (ECF No. 80), no docket entries were made.

**James C. Mahan**
**U.S. District Judge**

On January 12, 2017, BANA filed a motion to extend the discovery plan deadline asserting that BANA and defendant Poshbaby LLC (Poshbaby") reached a settlement, which will likely include dismissal of certain claims asserted by BANA. (ECF No. 86 at 2). In granting BANA's motion, the court ordered that the parties file a proposed discovery plan and scheduling order or notice of settlement by February 13, 2017. (ECF No. 90). To date, no proposed discovery plan, scheduling order, or notice of settlement has been filed. Nor have the parties filed any requests for extensions; nor has BANA filed any notice dismissing certain claims asserted thereby (ECF No. 86).

Rather than complying with the court's order, Poshbaby instead filed a stipulation to substitute the real party in interest and amend the caption on February 13, 2017. (ECF No. 92).

On February 22, 2017, the court entered an order to show cause as to why the instant case should not be dismissed for failure to prosecute and/or failure to comply with the court's orders. (ECF No. 95).

On March 8, 2017, Poshbaby filed a response to the court's order to show cause. (ECF No. 96). The response, however, fails to set forth any cause as to the parties' failure to prosecute the matter or any explanation justifying their failure to comply with the court's orders.

**II.     Legal Standard & Discussion**

It is well established that the district courts have the inherent power to control their dockets. *Ready Transp., Inc. v. AAR Mfg., Inc.,* 627 F.3d 402, 404 (9th Cir. 2010) (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir.1998)). "Indeed, the inherent powers permit a district court to go as far as to dismiss entire actions to rein in abusive conduct." *Id.* (citing *Atchison, Topeka & Santa Fe Ry.*, 146 F.3d at 1074 as "recognizing inherent power to dismiss an action to sanction abusive conduct such as judge-shopping or failure to prosecute").

Dismissal for failure to obey a court order is a harsh penalty and should be imposed only in extreme circumstances. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). In determining whether to dismiss a case for failing to comply with a court order, courts weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public

James C. Mahan
U.S. District Judge

- 2 -

policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phynylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal citations and quotations omitted).

"These factors are not a series of conditions precedent before the judge can do anything, but a way for the district judge to think about what to do." *Id.* (citing *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). Although preferred, it is not required that the district court make explicit findings to show that it has considered these factors. *Id.* A dismissal sanction will be overturned only if the reviewing court is left with "a definite and firm conviction that it was clearly outside the acceptable range of sanctions." *Id.* (internal citations and quotations omitted).

**A. (1) Expeditious Resolution & (2) Court's Need to Manage Its Docket**

The first factor, "[o]rderly and expeditious resolution of disputes[,] is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *In re Phynylpropanolamine*, 460 F.3d at 1227.

As to the second factor, the court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). The sanction of dismissal "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976).

The instant matter has been pending for over three years. The original complaint was filed on October 4, 2013 (ECF No. 1), and the amended complaint was filed on August 28, 2015 (ECF No. 39).

In its response, Poshbaby states that respective counsel for Poshbaby, BANA, and the guarantors "have been actively involved in settlement discussions" since July 2014 (ECF No. 96 at 2), but fails to explain how these discussions precluded the parties' ability to otherwise comply with the court's order (ECF No. 90) to file by February 13, 2017, a proposed discovery plan and

**James C. Mahan**
**U.S. District Judge**

- 3 -

scheduling order or notice of settlement. Further, the response does not set forth reasons regarding the remaining defendants not involved in the settlement discussion—specifically, cause as to BANA's failure to prosecute its claims against the remaining defendant for almost a year and a half, from August 2015 (filing the amended complaint) to January 2017 (notice of voluntary dismissal), which only occurred after the court ordered, in December 2016, the parties to file a stipulated discovery plan and scheduling order by January 12, 2017.

Similarly, while the response asserts that the borrowers (defendants Thomas Heath, Raquel Heath, Ma'An Nasir, and Robert Avery) and BANA settled the deficiency judgment and breach of contract claims, it fails to explain how the settlement precluded the parties from complying with the court's order or affected BANA's ability to prosecute its claim as to remaining defendants not involved in the settlement. (ECF No. 96 at 2).

The response further states that BANA and Poshbaby settled the quiet title matter between each other, wherein the parties agreed that Poshbaby would be substituted in place of BANA as plaintiff to continue the lawsuit. (ECF No. 96 at 2). The response fails, again, to explain how the settlement provides a basis for the parties' failure to comply with the court's order. Noticeably absent from Poshbaby's response is an explanation as to how the parties were able to file a stipulation to substitute party on February 13, 2017, but somehow unable to file a notice of settlement in accordance with the court's order.[2]

Rather than setting forth sufficient cause in accordance with the court's order to show cause, Poshbaby makes a procedurally improper request for leave to amend its complaint "and file a new complaint." (ECF No. 96 at 3). *See, e.g.*, LR IC 2-2(b) ("For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document."); LR 7-2 ("All motions . . . must be supported by a memorandum of points and authorities."); LR 15-1(a) ("[T]he moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading."). The response

---

[2] While the magistrate judge granted the "stipulation" (ECF No. 94), the court notes that the "stipulation" had been signed by fewer than all the parties—specifically, solely by BANA and Poshbaby and not by any of the other named defendants—in violation of LR 7-1(c), which provides that "[a] stipulation that has been signed by fewer than all the parties or their attorneys will be treated—and must be filed—as a joint motion." LR 7-1(c).

**James C. Mahan**
**U.S. District Judge**

asserts that "Poshbaby anticipates that it will file its motion to amend the complaint no later than March 21, 2017," but provides no grounds upon which to warrant such leave.  For example, Poshbaby does not argue that the relief it seeks is unavailable under the amended complaint.

These actions are inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action.  Accordingly, the court finds that factors (1) and (2) weigh in favor of dismissal.

### B.  (3) Risk of Prejudice

Regarding the third factor, the actions of an opposing party that impair the ability to go to trial or interferes with the rightful decision of the case are prejudicial.  *Cf. Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1413 (9th Cir. 1990).

BANA, Poshbaby, and the guarantors have been discussing settlement since July 2014 (ECF No. 96 at 2), yet, to date, have provided the court with no notice or status report.  Nor have BANA or Poshbaby mentioned or taken any action against the remaining defendants—for example, BANA has filed proof of service, but has not moved for an entry of clerk's default against defendants who have failed to answer or respond.

In its response, Poshbaby asserts that "it is likely that Poshbaby will be able default most of the lienholder defendants." (ECF No. 96 at 3).  However, Poshbaby fails to explain why it has not done so already or why it cannot do so under the amended complaint.

Further, the risk of prejudice to Poshbaby appears to be minimal.  In essence, Poshbaby seeks to quiet title against the remaining defendants.  However, Poshbaby has settled with the primary party contesting lien priority, namely BANA.  (*See* ECF No. 86 at 2 (asserting that BANA and Poshbaby represent the primary parties contesting lien priority in this matter as a result of the HOA sale)).  Moreover, several defendants have filed disclaimers of interest.  (*See* ECF Nos. 36, 37, 79).

Furthermore, a quiet title claim is subject to a five-year limitations period as set forth in set forth in NRS 11.070.  The foreclosure sale occurred on July 18, 2013 (ECF No. 39 at 6), rendering Poshbaby within the limitations period to file a new action for quiet title.

In light of the foregoing, the court finds that factor (3) weighs in favor of dismissal.

**James C. Mahan**
**U.S. District Judge**

- 5 -

### C.  (4) Public Policy

Factor four, "the public policy favoring disposition of cases on their merits[,] strongly counsels against dismissal." *In re Phynylpropanolamine*, 460 F.3d at 1228.  Although this factor may cut against dismissal, it is not enough, standing alone, to prevent dismissal.

### D.  (5) Less Drastic Sanctions

The court must consider the adequacy of less drastic sanctions before imposing dismissal. *Malone*, 833 F.2d at 131.  Three questions facilitate this analysis: (1) are less drastic sanctions available and, if so, why would they be inadequate; (2) were alternative sanctions employed prior to ordering dismissal; and (3) was the party subject to dismissal warned of the possibility of dismissal.  *Id.* at 132.

After considering the three questions and in light of the foregoing discussion, the court finds that less drastic sanctions would be inadequate.  The court warned Poshbaby of the possibility of dismissal in the court's order to show cause.  (ECF No. 95).  Rather than setting forth cause as to why the instant matter should not be dismissed for failure to prosecute and/or failure to comply with the court's orders, Poshbaby filed a two-page response, which failed to answer either and, instead, requested leave to amend.

In light of the foregoing and upon considering the applicable factors, the court finds that the factors weigh in favor of dismissal.  This is particularly true in light of the fact that dismissal would not prejudice Poshbaby's ability to bring a new quiet title suit.

Accordingly, the court will dismiss the instant action.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

### III. Conclusion

Accordingly,

IT IS HEREBY ORDERED that the instant matter *Poshbaby LLC v. Arizona Labor Force, Incorporated et al.*, case number 2:13-cv-01819-JCM-GWF, be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

The clerk is instructed to close the case.

DATED March 13, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**